# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2018

Lyle W. Cayce
Clerk

GEORGE ALVIN JONES,

Plaintiff-Appellant

v.

DUSTIN ANDERSON, Sergeant,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-122

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

George Jones, Texas prisoner # 1436799, asserts violations of his Eighth and Fourteenth Amendment rights. Proceeding *pro se* and *in forma pauperis*, he sued, pursuant to 42 U.S.C. § 1983, Sergeant Dustin Anderson, a correctional officer employed by the Texas Department of Criminal Justice. Jones contended that Anderson unjustifiably ordered him to clean showers,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

threatened to throw Jones to the floor, and slammed Jones against walls while he was handcuffed, causing Jones to suffer back pain.

Anderson moved for summary judgment, arguing that there was no genuine issue of material fact that his actions did not rise to the level of an Eighth Amendment violation and were protected by qualified immunity. He attached his affidavit denying that he used excessive force, Jones's medical and grievance records, and witnesses' affidavits that corroborated Anderson's contentions. Jones responded but offered no competent summary judgment evidence. The district court granted summary judgment and dismissed Jones's complaint. Jones timely appealed.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We draw all reasonable inferences in favor of the nonmoving party. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013). "A genuine dispute as to a material fact exists when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, a court determines that the evidence is such that a reasonable jury could return a verdict for the party opposing the motion." *Id*.

Jones argues that the district court improperly credited Anderson's version of the facts over Jones's version without allowing him to amend his complaint. Jones maintains that credibility assessments and choices between conflicting versions of events are matters for a jury to decide, not the court on summary judgment. However, Jones never sought leave to amend his complaint, and Jones's version of the facts, submitted in the form of "rebuttals" to Anderson's affidavits, are not sworn nor offered in compliance with 28 U.S.C.

No. 15-10514

§ 1746, and, therefore, do not constitute competent summary judgment evidence.  *See* 28 U.S.C. § 1746; *see also Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) ("When the moving party has met its Rule 56([a]) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."); *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").

The competent summary judgment evidence shows that Anderson ordered Jones to clean the shower walls at the Jordan Unit.  Jones admitted that he refused Anderson's "repeated orders."  Anderson ordered Jones to place his hands behind his back to submit to hand restraints, and Anderson called for assistance.  While awaiting assistance, Anderson escorted Jones to "D-space," where Jones became verbally agitated and argumentative.  Anderson moved Jones to the glass wall in "D-space" so that "the picket officer [would] have better visibility of" them.  The picket officer did not observe Anderson use "excessive force" and referred to Anderson's actions concerning Jones as "routine."  Two officers arrived to assist Anderson, and Jones remained verbally agitated.  Sergeant Brown arrived on the scene and advised Anderson to write a disciplinary report for Jones's refusal to work and obey orders.

An investigation of Jones's allegations of excessive force revealed that Jones could not identify which part of his face allegedly made contact with the glass wall.  Physical examinations by an officer and a nurse revealed no bruises or markings on Jones.  A doctor ordered Jones to continue with his dosage of Ibuprofen, which had been prescribed for a pre-existing back condition.  Approximately five weeks after the incident, x-rays were taken of Jones's spine, which revealed "no abnormalities."

*Jones's Eighth Amendment Claims*

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7. Five nonexclusive factors are considered in determining whether an excessive force claim has been established: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

The competent summary judgment evidence establishes that Jones suffered no injury from Anderson's actions. Additionally, Jones repeatedly refused to obey Anderson's orders and acted agitated and argumentative. Anderson reasonably perceived Jones's actions to present a threat to Anderson's safety; his employment of force was necessary to restore discipline and mitigate such a threat; and the amount of force employed by Anderson to subdue Jones was not more than necessary to accomplish that end. Finally, Anderson's actions in subduing Jones—handcuffing Jones, escorting him to the D-space, and placing him against the wall—escalated proportionately with Jones's refusal to obey orders and Anderson's heightened awareness of the potential threat that Jones's actions posed.

Based on the foregoing, there is no genuine issue of material fact that Anderson did not employ excessive force in engaging with Jones during the

incident in question.  Jones did not establish a violation of his constitutional right under the Eighth Amendment.  Because Jones failed to establish the violation of a constitutional right, he has also failed to show that Anderson is not entitled to qualified immunity.  *See Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999).

*Jones's Fourteenth Amendment Claims*

Jones also argues that his Fourteenth Amendment due process rights were violated as a result of Anderson's purported use of excessive force.  The Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  "Although both the Eighth and Fourteenth Amendments protect the safety and bodily integrity of prisoners, the legal standards are virtually identical." *Austin v. Johnson*, 328 F.3d 204, 210 n.10 (5th Cir. 2003) (citing *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 n.6 (10th Cir. 1990)); *see Petta v. Rivera*, 143 F.3d 895, 900 (5th Cir. 1998) (recognizing that validity of excessive force claim based on violation of Eighth Amendment "must be judged by reference to the specific standard which governs [Eighth Amendment] right rather than by the more general substantive due process standard").  Because Jones did not establish a valid Eighth Amendment claim, he cannot establish a due process violation based on his same allegations of excessive force.

The district court's judgment granting summary judgment to Anderson and dismissing Jones's complaint with prejudice is hereby AFFIRMED.